# United States District Court
# Central District of California

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation, | Case № 2:17-cv-05615-ODW-SK |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION [18]** |
| v. | |
| EMPIRE HEALTHCHOICE ASSURANCE, INC., a corporation doing business as Empire Blue Cross Blue Shield; and Does 1 through 10, inclusive, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff IV Solutions, Inc. ("IV") filed a complaint against Defendants Empire Healthchoice Assurance, Inc. ("Empire"), alleging fraud, breach of contract, and open book account related to the administration of medical services.  (Compl., ECF No. 1-2.)  On September 8, 2017, Empire moved to dismiss IV's Complaint.  (ECF No. 10.)  The Court granted Empire's Motion to Dismiss on December 15, 2017.  (MTD Order, ECF No. 15.)  On January 3, 2018, IV moved for reconsideration of the Court's Order granting Empire's Motion to Dismiss.  (Mot., ECF No. 18.)  For the following reasons, the Court **GRANTS** Plaintiff's Motion.[1]

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

This case arises out of a dispute between a medical services provider and its patient's insurance company. IV claims that it provided services totaling $5,954,020.89 in billed charges for services IV provided to M.M.,[3] a patient covered under an Empire health insurance policy. (Compl. ¶ 25.) After being diagnosed with hypogammaglobulinemia, M.M.'s physician prescribed M.M. intravenous immunoglobulin ("IVIG") treatments. (*Id.* ¶ 11.) IV provided these IVIG treatments to M.M. beginning in February 2011, and ending in September 2012. (*Id.* ¶¶ 14, 17.) IV alleges that Empire authorized these treatments on various occasions, and represented that it would pay IV's billed charges for the services at 100%. (*Id.* ¶ 15.)

In July 2011, Empire informed IV that was no longer authorized as M.M.'s provider, but IV continued to administer M.M's IVIG treatments from June 2, 2011 through September 14, 2012. (*Id.* ¶¶ 16–17.) IV alleges that it continued to provide M.M.'s treatments because it believed that Empire was unable to find a suitable provider to administer the "medically necessary physician-ordered prescription for IVIG." (*Id.* ¶ 16.)

IV alleges that on several occasions, Empire represented that it would pay IV the billed charges. (*Id.* ¶¶ 18–19.) However, IV alleges that Empire has only paid $103,050.63 of the total balance it owes IV, and still owes an unpaid balance of $5,850,970.26. (*Id.* ¶ 25.) Beginning in April 2012, in a series of communications, IV notified Empire of the "shortfall" of Empire's payments and requested payment. (*Id.* ¶ 26.) IV alleges that it contacted Empire on numerous occasions from April 3, 2012 through February 4, 2014 to inquire about the underpayments. (*Id.* ¶ 27.) Empire allegedly told IV that IV's invoices were being reprocessed for additional payment. (*Id.*) Finally, on February 4, 2014, IV's attorney sent a demand letter to

---

[2] The Court provided the factual background of this case in its Order granting Defendant's Motion to Dismiss, and incorporates that Order by reference. (*See* MTD Order 2–5.) For the sake of completeness, the Court provides a short factual summary here.

[3] M.M.'s identity is known to the parties, and will remain confidential to protect his or her privacy.

Empire. (*Id*. ¶ 27(f).) IV alleges that Empire responded "[i]n late 2014 … unequivocally informing [IV] for the first time that it would not pay [] the remaining amounts of its billed charges …" (*Id*. ¶ 27(g).)

Three years later, IV filed its Complaint in the Los Angeles County Superior Court, on June 23, 2017, alleging claims for (1) fraud, (2) breach of contract, and (3) open book account. (*Id*. at 1.) Empire removed the case to federal court on July 28, 2017, and moved to dismiss IV's Complaint on September 8, 2017. (ECF Nos. 1, 10.) The Court granted Empire's Motion on December 15, 2017, finding that IV's breach of contract, fraud, and open book account claims are all time barred. (MTD Order 7–9.) Following the Court's Order, IV filed the instant Motion for Reconsideration. (ECF No. 18.)

### III. LEGAL STANDARD

Central District Local Rule 7-18 provides for a motion for reconsideration of a decision:

> on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Motions for reconsideration are disfavored and are rarely granted." *Collins v. U.S. Citizenship*

*& Naturalization Serv.*, No. CV 11-9909-JFW SSX, 2013 WL 776244, at *1 (C.D. Cal. Feb. 6, 2013) (citations omitted).

## IV. DISCUSSION

IV argues that the Court's Order Granting Defendant's Motion to Dismiss is "internally inconsistent and/or contains an apparent error, affecting the outcome of the motion." (Mot. 1.) IV contends that the Court was in error when it found that the statute of limitations on IV's claim for breach of contract expired in February 2017. (*Id.*) The portion of the Court's Order that IV disputes is as follows:

> "In regard to the determination of whether Plaintiff's contract claim has expired, neither party focuses on the appropriate inquiry—what was a reasonable amount of time for Defendant to delay payment to Plaintiff for the billed charges. Cal. Civ. Code § 1657. Nevertheless, on the face of its Complaint, Plaintiff has not alleged facts demonstrating that it was reasonable for Defendant to delay, and then ultimately deny, payment of $5,850,970.26 for three years after Plaintiff first provided services in 2011. *See Conseco Life Ins. Co.*, 2008 WL 5158869, at *7. ***Payment was reasonably due under the contract at some time before February 2014***—over one year after Plaintiff finished providing its contracted services. Therefore, Plaintiff's breach of contract claim, which has a four year statute of limitations, is untimely as it expired in February 2017 and this case was not filed until June 23, 2017."

(MTD Order 7 (emphasis added).) IV argues that under the Court's reasoning, the statute of limitations on IV's breach of contract claim would have expired in February 2018, four years after the "outside date" that payment was reasonably due under the contract, rather than February 2017. (Mot. 1.)

While the Court finds no reason to alter the outcome of its previous Order granting Empire's Motion to Dismiss, the Court deems further clarification appropriate. As an initial matter, the Court does not consider February 2014 to be the "outside date" that payment was reasonably due under the contract. IV sent its

demand letter to Empire on February 4, 2014.  (Compl. ¶ 27(f).)  This date was "over one year after [IV] finished providing its contracted services," because the last date of service was September 14, 2012.  (MTD Order 7; Compl. ¶ 17.)  The Court reasoned that "[p]ayment was reasonably due at *some time before* February 2014 …," not that the limitations period *began* at that time.  (MTD Order 7 (emphasis added).)  IV had been aware of Empire's underpayments since at least April 2012, when it first notified Empire of the shortfall.  (Compl. ¶ 26.)  Therefore, payment due under the contract would have been due some time prior to April 2012, since Empire was already behind with their payments at that time.  Although IV continued to provide services to M.M. until September 2012, Empire was already in breach prior to that date.  Because "[a] cause of action for breach of contract accrues at the time of breach," the statute of limitations started running when a "reasonable time" had expired without Empire's payment under the contract.  *Cochran v. Cochran*, 56 Cal. App. 4th 373, 381 (1992); Cal. Civ. Code § 1657.  The Court finds that more than a reasonable amount of time had expired by the time IV sent its demand letter to Empire, let alone the date IV provided its last service to M.M. in September 2012.  Therefore, the "outside date" for reasonable performance was well before IV sent its demand letter in February 2014.

Where a contract fails to specify a time for performance, like the contract in this case, "the party is obliged to perform within a reasonable time, and the statute of limitations begins to run when a 'reasonable time' has expired without performance." *IV Sols.*, *Inc., v. United HealthCare*, No. CV 15-01418 DDP (SSx), 2015 WL 4127823, at *2 (C.D. Cal. July 7, 2015); *see also* Cal. Civ. Code § 1657.  Although "[w]hat constitutes a 'reasonable time' for performance under a contract is a question of fact," *Consol. World Investments, Inc. v. Lido Preferred Ltd.*, 9 Cal. App. 4th 373, 381 (1992), IV has pled no facts plausibly alleging that it was reasonable for Empire to delay payment of, and then ultimately deny, payment of $5,850,970.26 seventeen months after the last service provided to M.M. in September 2012.  *See IV Solutions, Inc. v. PacifiCare Life and Health Ins. Co.*, No. CV16-07153-SJO-MRW, 2016 WL

7888009, at *6 (C.D. Cal. Dec. 19, 2016) (finding that the delay by an insurance company to pay IV a year after IV demanded payment to be unreasonable).

Here, the Court determined that the written contract between the parties was breached upon discovery of Empire's underpayments in April 2012. (*See* MTD Order 7.) Notwithstanding that finding, the statute of limitations for the breach of contract claim expired, at the very latest, in September 2016, the last date of service. Since this case was not filed until June 23, 2017, IV's breach of contract claim is untimely pled.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration. (ECF No. 18.) The Court will issue an Amended Order regarding Empire's Motion to Dismiss thereafter.


**IT IS SO ORDERED.**

April 17, 2018


_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**