O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| IV SOLUTIONS, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>EMPIRE HEALTHCHOICE ASSURANCE, INC., a corporation doing business as Empire Blue Cross Blue Shield; and Does 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case №. 2:17-cv-05615-ODW (SKx)<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [41]** |

## I. INTRODUCTION

Before the Court is Defendant Empire HealthChoice Assurance, Inc.'s ("Empire") Motion to Dismiss the First Amended Complaint ("Motion" and "FAC," respectively) filed by Plaintiff IV Solutions, Inc. ("IVS"). (Mot. to Dismiss FAC ("Mot."), ECF No. 41.)  The issue is fully briefed. (*See* Mot.; Opp'n to Mot. ("Opp'n"), ECF No. 42; Reply ISO Mot. ("Reply"), ECF No. 43.)  For the following

reasons, the Court **GRANTS** Empire's Motion and **DISMISSES** IVS's FAC **WITHOUT LEAVE TO AMEND**.[1]

## II. PROCEDURAL HISTORY

IVS initiated this action for fraud, breach of contract, and open book account in the Los Angeles County Superior Court on June 23, 2017. (Notice of Removal ("NOR") ¶ 1, ECF No. 1; Decl. of Farah Tabibkhoei Ex. 1 ("Compl."), ECF No. 1-2.) After removing the case to this Court, Empire moved to dismiss IVS's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. to Dismiss Compl., ECF No. 10.) At the time, the Court granted Empire's motion to dismiss with prejudice because the applicable statutes of limitations barred IVS's claims, and neither equitable tolling nor equitable estoppel applied in this case. (Am. Order Granting Mot. to Dismiss Compl. ("MTD Order"), ECF No. 25.) IVS appealed. (Notice of Appeal, ECF No. 29.)

Upon review, the U.S. Court of Appeals for the Ninth Circuit affirmed the Court's dismissal of IVS's breach of contract claim, as well as the Court's rejection of the doctrines of equitable tolling and equitable estoppel. *IV Sols., Inc. v. Empire HealthChoice Assurance, Inc.*, 800 F. App'x 499, 500 (9th Cir. 2020). However, the Ninth Circuit reversed and remanded the Court's denial of leave to amend because, in its view, IVS "had no opportunity . . . to address the [C]ourt's basis for dismissal," and IVS may have been "able to allege additional facts in an amended complaint that show, in the health insurance context, its breach of contract claim is not barred by either provision of section 1657." *Id.* at 501. After the Ninth Circuit issued its ruling, IVS filed its FAC alleging only breach of contract, and Empire once again moves to dismiss. (*See* FAC, ECF No. 38; Mot.)

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### III.   FACTUAL BACKGROUND

The alleged facts have not changed much.  IVS is a home infusion pharmacy that provided medical services to Empire's insured, M.M.[2]  (*See generally* FAC.)  After being diagnosed with hypogammaglobulinemia, M.M. was prescribed an "urgent administration of intravenous immunoglobulin" ("IVIG").  (FAC ¶ 6.)  M.M. was referred to IVS because it was the only provider able to promptly administer the prescribed IVIG treatments.  (FAC ¶ 8.)

IVS first administered IVIG treatments to M.M. on February 25, 2011, which Empire subsequently authorized.  (FAC ¶¶ 9–10.)  Similarly, Empire authorized IVS to provide M.M. with IVIG treatments through June 1, 2011.  (FAC ¶ 10.)  In July 2011, Empire informed IVS that it was "no longer authorized" to provide IVIG treatments to M.M. because IVS was an out-of-network provider.  (FAC ¶ 11.)  However, there was no in-network provider available to administer IVIG treatments to M.M.  (FAC ¶ 11.)  On February 20, 2012, Empire again authorized IVS to provide medical services to M.M. through February 2013.  (FAC ¶¶ 12, 13(a).)  Empire agreed to pay IVS "for its services at a rate of 100% of [IVS's] billed charges for such services."  (FAC ¶ 13(a); *see also* FAC ¶¶ 13(b)–17.)  Based on this alleged agreement, IVS provided IVIG services to M.M. from February 25, 2011 to September 2012, and IVS claims it "is entitled to be paid its billed charges for the services provided to M.M."  (FAC ¶¶ 15, 18.)  IVS billed Empire a total of $5,954,020.89 for services provided to M.M., but Empire paid only $103,050.63.  (FAC ¶ 19.)

Now, IVS further alleges that, in general, healthcare insurers like Empire are not required to pay for billed charges until after a claim has been submitted, reviewed, verified, and reprocessed as necessary.  (FAC ¶ 21–23.)  In this case, IVS alleges that Empire "did not complete the reprocessing of [IVS]'s claims until July 29, 2013 at the earliest, when [Empire] informed [IVS] that it had 'repriced' [IVS]'s claims and

---

[2] M.M.'s identity is known to Empire and will remain confidential to protect his or her privacy.

would be paying additional amounts to [IVS] based on such repricing." (FAC ¶ 24.) Thus, IVS claims that "the payments due [IVS] for the services rendered were not reasonably due until July 29, 2013, at the earliest." (FAC ¶ 24.) Notably, though, IVS alleged in its initial Complaint that it notified Empire of shortfalls in Empire's payments "[b]eginning in and about April 3, 2012." (Compl. ¶ 26; *see also* FAC ¶ 25 (omitting mention of shortfalls in payments and alleging that the parties "engaged in the processing and reprocessing of claims" during that time).) Moreover, IVS maintains that on October 4, 2012, Empire told IVS that it "was working on getting the 2012 claims processed that were denied in error." (FAC ¶ 26(c); *see also* Compl. § 27(c).)

## IV.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept

conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"A party cannot amend pleadings to 'directly contradict an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (brackets omitted) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1307 (9th Cir. 1990)); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) ("[An] amended complaint may only allege 'other facts consistent with the challenged pleading.'" (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'" *Azadpour v. Sun Microsystems, Inc.*, No. C06-03272 MJJ, 2007 WL 2141079, at *2 n.2 (N.D. Cal. July 23, 2007) (citing *Reddy*, 912 F.2d at 296).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts *consistent* with the challenged pleading could not possibly cure the deficiency." *Schreiber*, 806 F.2d at 1401 (emphasis added). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### V. DISCUSSION

The Court once again examines whether IVS's breach of contract claim is precluded by the statute of limitations. A district court may dismiss claims if the running of the statute of limitations is apparent on the face of the complaint and if "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans,*

*Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

The statute of limitations for a written contract is four years. Cal. Civ. Proc. Code § 337. A claim for breach of contract "accrues at the time of breach, which then starts the limitations period running." *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997). When a contract does not specify a time for performance, California Civil Code section 1657 determines when performance is due and, in turn, when the statute of limitations begins to run. Under section 1657, a party must perform within a reasonable time, but if performance can be "done instantly--as, for example, if it consists in the payment of money only--it must be performed immediately upon the thing to be done being exactly ascertained." Cal. Civ. Code § 1657.

In this case, the Ninth Circuit "conclude[d] that IVS's claim is untimely under either the reasonable time provision or the immediate payment provision, given the allegations pleaded in the [C]omplaint." *IV Sols.*, 800 F. App'x at 501. Applying the immediate payment provision, the Ninth Circuit found that "Empire's obligation to pay was ascertainable by October 4, 2012, at the latest, because the alleged agreement provided that Empire would pay 'IVS's billed charges.' So Empire was required to immediately pay at that time under section 1657." *Id.* Further, "Empire's failure to pay on that date was a breach, and the statute of limitations started running." *Id.* Thus, the Ninth Circuit held that IVS's claim, as pleaded, fell outside of the four-year statute of limitations. *Id.* In so holding, the Ninth Circuit presumably relied on paragraph 27(c) of the Complaint, which was the only mention of October 4, 2012, anywhere in that pleading. (*See* Compl. ¶ 27(c) ("In [sic] October 4, 2012, Lynn Hounihan, an employee of Defendant, informed Sheina Saeger, an employee of Plaintiff, that she was working on getting the 2012 claims processed that were denied in error.").)

Notably, that same allegation regarding October 4, 2012, reappears verbatim in paragraph 26(c) of IVS's FAC. (*Compare* FAC ¶ 26(c) *with* Compl. ¶ 27(c).) Thus,

Empire contends that the Ninth Circuit's analysis applies again here with equal force, and that IVS's FAC should be dismissed for the same reasons the Ninth Circuit affirmed dismissal of IVS's Complaint. (*See* Mot. 7–10 ("Indeed, all this has already been settled by the Ninth Circuit.").) The Court agrees. Having amended its Complaint, IVS maintains that Empire agreed to pay 100% of IVS's billed charges. (FAC ¶¶ 13(a), 15, 18.) And the necessary inference to be drawn from the communication alleged in paragraph 26(c) of the FAC is that Empire must have "denied" IVS's claims for payment of billed charges sometime prior to October 4, 2012. (*See* FAC ¶ 26(c).) Therefore, the Court agrees with that which the Ninth Circuit has already concluded—IVS's breach of contract claim, as alleged, accrued no later than October 4, 2012. *IV Sols.*, 800 F. App'x at 501.

IVS attempts to rely on the principle "that where no time is specified for performance under a contract, a claim for breach of contract does not accrue until demand for performance is made, and is refused." (Opp'n 7 (citing *Leonard v. Rose*, 65 Cal.2d 589, 592 (1967)).) Specifically, IVS attempts to demonstrate that its breach of contract claim is timely by clarifying in its FAC *when* Empire refused to pay IVS's billed charges. IVS alleges that based on industry custom, Empire was not required to pay for billed charges until after a claim had been submitted, reviewed, verified, and reprocessed as necessary. (FAC ¶ 21–23.) According to IVS, only *after* such processing and reprocessing could Empire have refused to pay IVS's billed charges, thereby triggering accrual of IVS's claim. (*See* Opp'n 7.) And in its FAC, IVS alleges that Empire "did not complete the reprocessing of [IVS]'s claims until July 29, 2013 at the earliest, when [Empire] informed [IVS] that it had 'repriced' [IVS]'s claims and would be paying additional amounts to [IVS] based on such repricing." (FAC ¶ 24.) Thus, IVS contends that "the payments due [IVS] for the services rendered were not reasonably due until July 29, 2013, at the earliest." (FAC ¶ 24.)

    Problematically, IVS's new allegations contradict statements made in its Complaint, some of which remain in the FAC.[3] Most significantly, IVS alleges that on October 4, 2012, Empire informed IVS that it was "working on getting the 2012 claims processed *that were denied* in error." (Compl. ¶ 27(c); FAC ¶ 26(c) (emphasis added).) This allegation necessarily implies that IVS's claims had been *denied*—i.e., Empire had *completed* the initial processing and reprocessing of IVS's claims—at some point before October 4, 2012. Thus, whatever processing and reprocessing may have occurred before that denial is beside the point, and IVS's breach of contract cause of action remains largely unaffected by its new allegations regarding the general practice of healthcare billing. Further, the Court need not accept IVS's new allegation that Empire was not obligated to pay IVS's billed charges "until July 29, 2013, at the earliest," because this allegation contradicts IVS's claims that Empire had denied the relevant insurance claims prior to October 4, 2012. *See Airs Aromatics*, 744 F.3d at 600; *Reddy*, 912 F.2d at 296–97; *Azadpour*, 2007 WL 2141079, at *2 n.2.

    IVS insists that paragraph 26(c) of the FAC, "read in its entirety, establishes that Empire had not yet completed its processing of the claims and that the previous denials of the 2012 claims had been in error." (Opp'n 14.) However, IVS's urged interpretation ultimately neglects to address the unambiguous assertion that the claims had, at one point, been "denied." (FAC ¶ 26(c).) Although IVS was free to request reconsideration of that denial—which it appears is what occurred here—the law is clear that such reconsideration after a denial does not toll the statute of limitations. *Singh v. Allstate Ins. Co.*, 63 Cal. App. 4th 135, 143–44 (1998).

---

[3] The Court notes that certain details from the Complaint are strikingly absent from the FAC. For example, the Complaint appears to indicate that IVS contacted Empire in April 2012 to request full payment on billed charges that Empire had only partially paid, but the FAC replaces that explanation with new, vague language. (*Compare* Compl. ¶ 26 (alleging that IVS "notified Defendant of the shortfall of Defendant's payments and requested that Defendant remedy that shortfall") *with* FAC ¶ 25 (alleging that IVS and Empire "engaged in the processing and reprocessing of claims as described above").) Indeed, in certain respects, IVS's FAC introduces more ambiguity than it resolves.

Thus, as the Ninth Circuit similarly concluded *based on identical language*, the Court finds that IVS's claim for breach of contract began accruing when Empire denied its request for payment of 100% of its billed charges, which allegedly occurred no later than October 4, 2012. *See IV Sols.*, 800 F. App'x at 501 (applying the immediate payment provision under section 1657 to find that IVS's breach of contract cause of action, as alleged in the Complaint, had accrued "by October 4, 2012, at the latest"); *see also Leonard*, 65 Cal.2d at 592 (explaining how, in a case such as this, a cause of action accrues upon denial of payment). Whereas IVS filed its claim for breach of contract on June 23, 2017, its claim is barred by the four-year statute of limitations. Furthermore, IVS concedes—and the Ninth Circuit has indicated—that IVS's claim cannot be saved by the doctrines of equitable tolling or equitable estoppel. (*See* Opp'n 15); *IV Sols.*, 800 F. App'x 501–02. Accordingly, the Court **GRANTS** Empire's Motion and **DISMISSES** IVS's First Amended Complaint. *See Cervantes*, 656 F.3d at 1045 (affirming dismissal where "[t]he running of the limitations periods on both claims [wa]s apparent on the face of the complaint").

Additionally, the Court finds that it would be futile to grant IVS leave to amend its First Amended Complaint because the only way IVS could show its claim is timely would be to contradict statements and allegations made in its prior pleadings. *See Airs Aromatics*, 744 F.3d at 600; *Reddy*, 912 F.2d at 296–97. For instance, both the Complaint and FAC explain that IVS's payment claims had been denied by Empire prior to October 4, 2012. (Compl. ¶ 27(c); FAC ¶ 26(c).) Further, IVS has expressly and impliedly conceded that there is no basis for which the statute of limitations should be equitably tolled. (Opp'n 15; *see generally* FAC.) Moreover, IVS has now had a chance to amend its allegations, yet its claim remains time-barred on its face. Thus, IVS's request for leave to amend is **DENIED**.

//
//
//

## VI. CONCLUSION

In summary, the Court **GRANTS** Empire's Motion and **DISMISSES** IVS's First Amended Complaint **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

September 29, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**